JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EMIL AND SHARON CLOUD

### DEFENDANTS
ELECTROLUX HOME PRODUCTS, INC.

**(b)** County of Residence of First Listed Plaintiff: DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MECKLENBERG, NC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOHN NEUMANN HICKEY, ESQUIRE, 20 WEST FRONT STREET
MEDIA PA 19063, 610.891.8883

Attorneys *(If Known)*
CHERYL M. NICOLSON, ESQUIRE & MELISSA L. YEMMA, ESQUIRE
NICOLSON LAW GROUP, ROSE TREE CORP., BLDG 2, 1400 N. PROVIDENCE RD, SUITE 4045, MEDIA PA 19063 610.891.0300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [x] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. SECTION 1332

Brief description of cause:
PLAINTIFFS SEEK RECOVERY OF MONETARY DAMAGES AS A RESULT OF A FIRE.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 300,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: PAPPERT
DOCKET NUMBER: 15-571-GJP

DATE: 02/20/2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **2950 PENNVIEW AVE, BROOMALL PA**

Address of Defendant: **10200 DAVID TAYLOR DRIVE, CHARLOTTE NORTH CAROLINA**

Place of Accident, Incident or Transaction: **2950 PENNVIEW AVE BROOMALL PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: **15-571**   Judge **PAPPERT**   Date Terminated: **NOT TERMINATED**

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☒   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **JOHN NEUMANN HICKEY**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **2/20/2015**   Attorney-at-Law **JOHN NEUMANN HICKEY**   **61896**
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **2/20/2015**   Attorney-at-Law **JOHN NEUMANN HICKEY**   **61896**
Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EMIL AND SHARON CLOUD | : | CIVIL ACTION |
| v. | : | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| | | |
|---|---|---|
| 2/20/2015 | JOHN NEUMANN HICKEY | PLAINTIFFS |
| Date | Attorney-at-law | Attorney for |
| 610-891-8883 | 610-891-8923 | JNH@HICKEYLAW.NET |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMIL AND SHARON CLOUD<br>2950 Pennview Avenue<br>Broomall, PA 19008-1126<br>　　　Plaintiffs<br>　v.<br><br>ELECTROLUX HOME PRODUCTS, INC.<br>10200 David Taylor Drive<br>Charlotte, NC 28262<br>　　　Defendant | No:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1.　Plaintiffs, Emil and Sharon Cloud (hereinafter collective referred to as "the Clouds"), are adult individuals who, at all times relevant hereto, were Pennsylvania residents and who resided at 2950 Pennview Avenue, Broomall, PA 19008-1126 ("subject premises" or "subject property").

2.　At all times relevant hereto, Defendant Electrolux Home Products, Inc. ("Electrolux") was a Delaware corporation with its principal place of business at 10200 David Taylor Drive, Charlotte, NC 28262, within the Commonwealth of Pennsylvania.

### JURISDICTION

3.　This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332.

### VENUE

4.　Venue is proper in this district as the fire giving rise to this litigation occurred in this district.

## FACTS

5. Electrolux is in the business of designing, assembling, manufacturing, selling, distributing and/or marketing appliances such as the subject Frigidaire-branded clothes dryers – including the Frigidaire-branded gas, ball-hitch style clothes dryer at issue here ("subject dryer").

6. Prior to December 19, 2013, the Clouds purchased the subject dryer.

7. The Clouds operated the dryer without incident in the normal and ordinary course until December 19, 2013.

8. The Clouds never experienced any problems with the functionality of the dryer prior to the date of the subject fire.

9. On December 19, 2013, while the Clouds were operating the dryer in a normal and foreseeable manner and for its intended purpose, the subject dryer ignited causing a fire.

10. Notwithstanding the Clouds ordinary and foreseeable use of the subject dryer, it is believed and therefore averred that lint accumulated inside the dryer and in areas not observable or accessible to the Clouds, and in close proximity to the heat sources of the subject dryer creating an increased risk of fire, which could escape the dryer cabinet.

11. The fire resulted in severe damage to the real and personal property of the Clouds and caused them to vacate the subject premises for a reasonable period of time while repairs were made and their home was restored to its pre-fire condition, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

## COUNT I – STRICT LIABILITY
## PLAINTIFF v. ELECTROLUX

12. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

13. Electrolux was engaged, in the business of designing, testing, inspecting, assembling, manufacturing and distributing clothes dryers, and their component parts, and specifically designed, tested, inspected, assembled, manufactured, distributed and placed into the stream of commerce the subject dryer at issue in this case.

14. The subject dryer, which was designed, manufactured, sold and/or distributed into the stream of commerce by Electrolux, was not modified, changed altered or abused by the Clouds or other users at said property prior to or during its use.

15. Electrolux knew and intended that its dryer would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said dryers would be utilized.

16. Electrolux designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid dryer, including its component parts, in a dangerous defective condition, which catastrophically failed due to a defect.

17. Electrolux designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid dryer in a defective condition, unreasonably dangerous to the Clouds and their property.

18. Electrolux knew, or should have known, that the dryer would, and did, reach the Clouds without substantial change in the condition in which originally selected and sold.

19. The dryer was not materially altered in anyway which would affect the dangerous conditions caused and created by Electrolux.

20. The subject dryer was unreasonably dangerous and defective at the time it left the control of Defendant Electrolux because:

    a. the subject dryer was designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source so that

       lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b.    the subject dryer was designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c.    the subject dryer was designed and manufactured so that particles of lint that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d.    the subject dryer was designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e.    the subject dryer was designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

f.    the subject dryer was designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g.    the subject dryer was designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h.    the subject dryer was designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i.    the subject dryer was designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

j.    the subject dryer was designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby

promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the subject dryer;

k. the subject dryer was designed and manufactured with combustible plastic components parts which Electrolux knew, or should have known, could ignite and permit the fire to escape the dryer cabinet;

l. the subject dryer was designed and manufactured with combustible plastic components parts which Electrolux knew, or should have known, would not prevent the fire from escaping the dryer cabinet if they became ignited;

m. the subject dryer was designed and manufactured with improper component parts, including, but not limited to materials or lubricant near or at the dryer's ball hitch and/or bearing located behind the drum;

n. the subject dryer was designed and manufactured with improper component materials, including but not limited to the bearing that holds the dryer's drum in place, which can fail when subjected to lint accumulation;

o. the subject dryer was designed and manufactured with a defective ball hitch and/or bearing, which Electrolux knew, or should have known would fail when subjected to lint accumulation during normal and foreseeable use;

p. the subject dryer was designed and manufactured in a defective nature because the lubricant used at or near the ball hitch or ball bearing -- which holds the dryer's drum in place -- contained an improper lubricant that was or could be effected by lint accumulation and fail as it did in this case.

q. the subject dryer is an unreasonably dangerous product one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics; and

r. the subject dryer is an unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

21. The aforementioned defects or defective conditions existed at the time the subject dryer left the possession and/or control of Electrolux.

22. The defective, unreasonably dangerous and unsafe condition of the subject dryer as aforesaid was a direct and proximate cause of the damages sustained by Plaintiff.

23. For these reasons, Electrolux is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable caselaw of the Commonwealth of Pennsylvania.

24. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject dryer ignited and burned inside the subject property, causing extensive damage to the Clouds' real and personal property and the imposition of additional hardship besides, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses. The plaintiffs' family home was burned to the ground. They had to live in temporary housing for almost a year. They missed holidays in the home they lost photo albums and their family heirlooms.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant, Electrolux Home Products Inc. plus interest, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE
## PLAINTIFF v. ELECTROLUX

25. Plaintiff repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

26. At all times relevant hereto, Defendant Electrolux had a duty to exercise reasonable care in the design, manufacture, and distribution of the subject dryer and breached said duty.

27. Upon information and belief, Defendant Electrolux breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and distributing the subject dryer at issue in this case.

28. Upon information and belief, Defendant Electrolux's negligent acts and omissions include, but are not limited to:

   a. Carelessly and negligently designed and manufactured the subject dryer with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer, a gas burner flame, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

   b. Carelessly and negligently designed and manufactured the subject dryer with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

   c. Carelessly and negligently designed and manufactured the subject dryer so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

   d. Carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the subject dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

   e. Carelessly and negligently designed and manufactured the subject dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

   f. Carelessly and negligently designed and manufactured the subject dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

   g. Carelessly and negligently designed and manufactured the subject dryer without conducting any lint accumulation tests;

   h. Carelessly and negligently designed and manufactured the subject dryer without conducting any fire risk studies on the design of the product;

   i. Carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j. Carelessly and negligently designed and manufactured the subject dryer without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k. Carelessly and negligently designed and manufactured the subject dryer without any warnings contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

l. Carelessly and negligently designed and manufactured the subject dryer with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

m. Carelessly and negligently designed and manufactured the subject dryer with combustible plastic components parts which Electrolux knew, or should have known, could ignite and permit the fire to escape the dryer cabinet;

n. Carelessly and negligently designed and manufactured the subject dryer with combustible plastic components parts which Electrolux knew, or should have known, would not prevent the fire from escaping the dryer cabinet if they became ignited;

o. Carelessly and negligently designed and manufactured with improper component parts, including, but not limited to materials or lubricant near or at the dryer's ball hitch and/or bearing located behind the drum;

p. Carelessly and negligently designed and manufactured with improper component materials, including but not limited to the bearing that holds the dryer's drum in place, which can fail when subjected to lint accumulation;

q. Carelessly and negligently designed and manufactured with a defective ball hitch and/or bearing, which Electrolux knew, or should have known would fail when subjected to lint accumulation during normal and foreseeable use;

r. Carelessly and negligently designed and manufactured in a defective nature because the lubricant used at or near the ball hitch or ball bearing – which holds the dryer's drum in place – contained an improper lubricant that was or could be effected by lint accumulation and fail as it did in this case;

    s. the subject dryer is an unreasonably dangerous product one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics; and

    t. the subject dryer is an unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

29. As a direct and proximate result of Electrolux's aforementioned actions, and/or omissions, Electrolux acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

30. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject dryer ignited and burned in the subject property, causing extensive property damage, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses including the fact that the plaintiffs lost their home and all of their personal possessions. They had to live in leased housing for almost a year. They could not use their home for holidays and family gatherings.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant, Electrolux Home Products Inc. plus interest, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

31. Plaintiff incorporates by reference the preceding paragraphs as if set forth at length herein.

32. The plaintiff has property rights and privileges in respect to the use of the subject property. As a result of the tortuous conduct of the defendants as is set forth hereinabove the plaintiff lost the use of the home for almost a year. Extreme repairs had to be performed to the

property. The plaintiffs missed holidays and family gatherings in the property. The plaintiff lost all pictures and family heirlooms.

33. The tortuous actions of the defendants as is set forth hereinabove resulted in a substantial invasion of the use of the subject property. The property rights and privileges of the plaintiff's use and enjoyment of the land were substantially interfered with. The negligent, tortuous actions of the defendants were the cause of the interference.

34. As a result the plaintiffs were damaged.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered in their favor and against Defendant, Electrolux Home Products Inc. plus interest, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**Respectfully Submitted,**

**JOHN NEUMANN HICKEY, ESQ.**
Attorney ID 61896
20 W. Front Street
Media, PA 19063
(610) 891-8883
Facsimile (610.891.8923
JNH@hickeylaw.net

Date: 2/24/15